UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**DONALD R. FLOYD**                                                                                            **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 4:16CV-56-JHM**

**EMPLOYMENT PLUS** *et al.*                                                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Donald R. Floyd filed a *pro se* complaint alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). He also filed his right-to-sue letter issued by the Equal Employment Opportunity Commission.

Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint in accordance with 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated herein, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

### I.

Plaintiff filed his complaint on a Court-approved form. He sues the following Defendants: Employment Plus; Resource Mgt; and Erin Blout, whom Plaintiff identifies as the Operations Manager. In the statement-of-the claim section of the complaint form, Plaintiff states as follows:

> I was employed by and through Employment Plus which is now called Resource Mgt who [illegible] discrimination allowed me to be replaced by a white male. Erin Blout Organizational Mgr. for Employment Plus which is now Resource Mgt. has a practice of discrimination of older black males. I've been replaced on my clean up job by white males. Erin Blout refused to talk to me about this. Erin Blout refused to give me a new assignment.

In another section which requests Plaintiff to state the facts of his case, he states, "I had no write ups in my file. I was required to work everyday, seven days a week, twelve hours a day, including holidays with no rest periods." Plaintiff also maintains:

> Employment Plus, Erin Blout, Resource Mgt. reported to the Division of Unemployment Insurance that I was termed or discharged for unacceptable and improper conduct. Then Employment Plus, Erin Blout Resource Mgt. reported to the EEOC in Louisville, KY after I had filed a charge of discrimination under Title VII . . . said and reported to the EEOC that I had quit my job and had not been discharged for any reason according to EEOC Investigator William Snyder. . . . They removed black African American males from these positions including myself through discrimination to replace us with white males and white females that are much younger.

As relief, he seeks compensatory and punitive damages.

## II.

On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

The Court construes the complaint as alleging race and age discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of

2

1967.  In the complaint form, Plaintiff also checks a box for retaliation.  However, upon review of the allegations, Plaintiff states no facts which support a claim for retaliation.  *See Tackett*, 561 F.3d at 488 ("[T]he district court need not accept a 'bare assertion of legal conclusions.'") (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Therefore, any claim for retaliation will be dismissed for failure to state a claim upon which relief may be granted.

Upon review of the complaint, the Court will allow Plaintiff's race and age discrimination claims to proceed against Defendants Employment Plus and Resource Mgt.

However, Plaintiff's claims against Defendants Blout must be dismissed.  "Title VII provides that 'it shall be an unlawful *employment* practice for an *employer*' to discriminate on the basis of race, color, religion, sex, or national origin.  A person aggrieved by such discrimination may bring a civil action against the '*employer*.'"  *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (citing 42 U.S.C. §§ 2000e-2(a), 2000e-5(b)) (emphasis added).  "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."  *Id.*  The *Wathen* "decision has been extended to the ADEA[.]"  *Richardson v. CVS Corp.*, 207 F. Supp. 2d 733, 743 (E.D. Tenn. 2001); *Wilding v. Thompson*, No. 3:12-CV-00774-CRS, 2014 U.S. Dist. LEXIS 6075, at *9 (W.D. Ky. Jan. 17, 2014) ("Thompson, as an individual employed by the Kentucky Department of Corrections, cannot be individually liable under the ADEA because the Sixth Circuit has interpreted the ADEA to preclude suits against individuals.").

None of the facts alleged in the complaint, even liberally construed, suggest that Defendant Blout is an "employer" as contemplated under Title VII.  Therefore, Plaintiff's Title VII and ADEA claims against Defendant Blout must be dismissed for failure to state a claim upon which relief may be granted.

**III.**

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's retaliation claim and claims against Defendant Blout are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may granted.

The Clerk of Court is **DIRECTED to terminate** Defendant Blout as a party to this action.

The Court will enter a separate Order directing service on Defendants Employment Plus and Resource Mgt.

Date: October 3, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.010